wo

# UNITED STATES DISTRICT COURT
## DISTRICT OF ARIZONA

| | |
|---|---|
| **Louis Micharl Abramo,**<br>Petitioner<br>-vs-<br>**Charles Ryan, et al.,**<br>Respondents | CV-10-0006-PHX-JWS (JRI)<br><br>**ORDER** |

Under consideration is Respondents' Motion to File Under Seal, filed August 25, 2010 (Doc. 16). Respondents seek to file under seal six exhibits (Doc. 17) to their Response (Doc. 15) to the Petitioner's habeas petition, citing as cause the nature of the exhibits as mental-health evaluations, and that they have been sealed by the state courts. Petitioner has not responded, and the time to respond has run.

A party seeking to seal a judicial record then bears the burden of showing "compelling reasons" supported by specific factual findings, that outweigh the general history of access and the public policies favoring disclosure. The court must balance the competing interests of the public and the party who seeks to keep the records secret, identify the "compelling reason" and articulate the factual basis for its ruling, without relying on hypothesis or conjecture. *Kamakana v. City and County of Honolulu,* 447 F.3d 1172, 1178 -1179 (9th Cir. 2006). In general, sufficient "compelling reasons" exist when such the records might become a vehicle for improper purposes, such as the gratification of private spite, to promote public scandal, circulate libelous statements, release trade secrets, etc. *Id.* at 1179. However, "[t]he mere fact that the production of records may lead to a litigant's embarrassment, incrimination, or exposure to further litigation will not, without more, compel the court to seal its records." *Id.*

Other Courts have approved of the sealing of psychiatric records. *See e.g. Doe v.*

1   *Oberweis Dairy,* 456 F.3d 704, 718 (7ᵗʰ Cir. 2006) (civil case); *U.S. v. Antone,* 981 F.2d

2   1059, 1062 (9ᵗʰ Cir. 1992) (criminal case, sealing witness's psychiatric records).  The United

3   States Supreme Court has recognized that "confidential communications between a licensed

4   psychotherapist and her patients in the course of diagnosis or treatment are protected from

5   compelled disclosure." *Jaffee v. Redmond,* 518 U.S. 1, 15 (1996).

6          Here, the submitted records contain extensive and detailed evaluations of Petitioner's

7   mental, developmental, and family history, as well as his mental health treatment and

8   behavior during efforts to restore him to competency to stand trial.  The unsealing of those

9   records would effectively waive whatever remains of Petitioner's privilege.  Given the

10  revelations in those records, they would likely subject Petitioner to public scandal even

11  beyond the generic reprobation inherent in his conviction and its circumstances.  Moreover,

12  the pubic filing of records of the state courts previously sealed by those courts would display

13  a lack of comity, particularly where no opposition to the sealing is voiced, and no specific

14  reason for unsealing (beyond the presumption in favor of it) is apparent.   Those are each

15  "compelling reasons" to seal the records.

16         **IT IS THEREFORE ORDERED** that Respondents' Motion to File Under Seal, filed

17  August 25, 2010 (Doc. 16) is **GRANTED**.

18         **IT IS FURTHER ORDERED** that Respondents' proposed Exhibits, lodged August

19  25, 2010 (Doc. 17) shall be **FILED UNDER SEAL**.

20         **IT IS FURTHER ORDERED** that Petitioner shall have fourteen days from the filing

21  of this Order to reply in support of his habeas petition.

22

23  DATED: September 28, 2010          _____

24                                         JAY R. IRWIN
                                        United States Magistrate Judge

25

26

27

28

- 2 -