# UNITED STATES DISTRICT COURT
# DISTRICT OF ARIZONA

| | |
|---|---|
| **Louis Michael Abramo,**<br>Petitioner<br>-vs-<br>**Charles L. Ryan, et al.,**<br>Respondents | CV-10-0006-PHX-JWS (JRI)<br><br>**REPORT & RECOMMENDATION**<br>**On Petition for Writ of Habeas Corpus**<br>**Pursuant to 28 U.S.C. § 2254** |

## I. MATTER UNDER CONSIDERATION

Petitioner, presently incarcerated in the Arizona State Prison Complex at Florence, Arizona, filed a Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254 on January 4, 2010 (Doc. 1). On August 25, 2010, Respondents filed their Answer (Doc. 15). Sealed Exhibits were filed on September 29, 2010 (Doc. 19). Petitioner filed a Reply on October 6, 2010 (Doc. 20).

The Petitioner's Petition is now ripe for consideration. Accordingly, the undersigned makes the following proposed findings of fact, report, and recommendation pursuant to Rule 8(b), Rules Governing Section 2254 Cases, Rule 72(b), Federal Rules of Civil Procedure, 28 U.S.C. § 636(b) and Rule 72.2(a)(2), Local Rules of Civil Procedure.

## II. RELEVANT FACTUAL & PROCEDURAL BACKGROUND
### A. PROCEEDINGS AT TRIAL

On April 15, 1998, Petitioner was indicted in Maricopa County Superior Court Case CR98-05308 on counts of armed robbery, unlawful flight, and possession of dangerous drugs. (Exhibit A, Indictment.) (Exhibits to the Answer, Doc. 15, are referenced herein as "Exhibit ___"; Exhibits to the Petition, Doc. 1, are referenced herein as "Petitioner's Exhibit

___.") On February 4, 1999, during the pendency of the first prosecution, Petitioner was indicted in Maricopa County Superior Court Case CR99-02588 on 4 counts of burglary, 6 counts of armed robbery, third degree burglary, 2 counts of aggravated assault, attempted armed robbery, and aggravated assault against a child. (Exhibit O, Indictment.)

Following a period of commitment for restoration to competency to stand trial (Exhibit EE, M.E. 10/7/99; and Exhibit JJ, M.E. 1/18/00), Petitioner entered into written Plea Agreements (Exhibit LL), and entered a plea of guilty to one count of armed robbery in the 1998 case, and one count each of armed robbery and aggravated assault in the 1999 case.

On May 23, 2000, Petitioner was sentenced to aggravated, consecutive sentences of 15 years on the 1998 armed robbery, 15 years on the 1999 aggravated assault, and 12 years on the 1999 armed robbery – an effective 42 year sentence.

### B.  PROCEEDINGS ON DIRECT APPEAL

Petitioner did not file a direct appeal. (Petition, Doc. 1 at 2-3.)

### C.  PROCEEDINGS ON FIRST POST-CONVICTION RELIEF

On or about August 11, 2000, Petitioner commenced a post conviction relief proceeding in both the 1998 and 1999 cases by filing his Notice of Post-Conviction Relief (Exhibit TT). On February 1, 2001, counsel filed a Petition for Post-Conviction Relief (Exhibit UU), arguing that at sentencing trial counsel failed to argue and the trial court failed to consider Petitioner's mental health problems. The matter was set for an evidentiary hearing. (Exhibit WW, M.E. 6/15/01.)

After the hearing, on November 5, 2001, the PCR court denied the petition on the merits and dismissed the proceeding. (Exhibit ZZ, M.E. 11/5/01.)

Petitioner filed a Petition for Review (Petitioner's Exhibit C), which was summarily denied by the Arizona Court of Appeals on February 8, 2010. (Petitioner's Exhibit 4, Order 2/08/10.)

Petitioner's counsel sought leave for Petitioner to file a *pro se* petition for review with

1  the Arizona Supreme Court. (Exhibit CCC, Mot. Extend.)  The motion was granted, and
2  Petitioner was given until March 14, 2003 to file his petition. (Exhibit CCC, Order 1/23/03.)
3  Petitioner did not file a petition for review. (Petition, Doc. 1 at 5.)

### D.  PROCEEDINGS ON SECOND POST-CONVICTION RELIEF

On or about November 23, 2004, Petitioner commenced his second post conviction relief proceeding in both the 1998 and 1999 cases by filing his Notice of Post-Conviction Relief (Petitioner's Exhibit D).  Petitioner asserted violations under the then recently decided *Blakely v. Washington*, 542 U.S. 296 (2004). On January 18, 2005, the PCR court summarily denied the petition on the merits and dismissed the proceeding. (Petitioner's Exhibit D, M.E. 1/18/05.)

Petitioner did not file a petition for review. (Petition, Doc. 1 at 5.)

### E.  PRESENT FEDERAL HABEAS PROCEEDINGS

**Petition** - Petitioner commenced the current case by filing his Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254 on January 4, 2010 (Doc. 1).  Petitioner's Petition asserts the following four grounds for relief:

> (1) "Sentencing Judge violated Equal Protection Rights and Due Process when sentencing [D]efendant to consecutive terms without adequately considering mental health issues as mitigating factors and by citing level of fear in victim as aggravating factor. Violations of U.S. Constitution 5th, 6th, 14th Amend.";
> (2) "Hearing Judge refused to consider Defendant[']s claim of Ineffective Assistance of Counsel where counsel did not offer mental health issues as mitigating factors. Violations of U.S. Constitution Amendments (6th [and] 14th)[.] Court of Appeals upheld Superior Court's ruling";
> (3) "Superior Court erred by dismissing a subsequent Rule 32G (Blakely-v-Washington)[,] basing its decision to dismiss on Apprendi & Ring[,] thereby interpreting Defendant's case incorrectly as his case was final in 2003 only on state exhausted issues. U.S. Constitution Amendment 6th, 14th;" and
> (4) "Ineffective Assistance of Counsel for prejudicial and of such magnitude that it rises to the level of constitutional violation 6th and 14th Amendment."

Petitioner argues that any untimeliness in his Petition should be excused because the claims

1 are meritorious, and he was proceeding *pro se*, in custody, without access to a law library. (Doc. 1 at 11.)

**Response** - On August 25, 2010, Respondents filed their Answer (Doc. 15). In addition, on September 29, 2010, Respondents filed under seal exhibits containing a series of competency evaluations from the trial court (Doc. 17).

Respondents argue that Petitioner's petition is untimely and barred by the statue of limitation on state prisoner habeas petitions.

**Reply** - On October 6, 2010, Petitioner filed a Reply (Doc. 20), arguing the merits of his Petition.

## III. APPLICATION OF LAW TO FACTS

**1.  One Year Limitations Period**

Respondents assert that Petitioner's Petition is untimely.  As part of the Anti-Terrorism and Effective Death Penalty Act of 1996 ("AEDPA"), Congress provided a 1-year statute of limitations for all applications for writs of habeas corpus filed pursuant to 28 U.S.C. § 2254, challenging convictions and sentences rendered by state courts. 28 U.S.C. § 2244(d).  Petitions filed beyond the one year limitations period are barred and must be dismissed. *Id.*

Petitioner argues his claims should not be subject to the limitations period because they are meritorious. Petitioner points to no authority for an exception for meritorious claims and the undersigned is unaware of any.  Indeed, even claims of actual innocence do not justify avoidance of the habeas limitations period. *See  Escamilla v. Jungwirth*, 426 F.3d 868, 871-72 (7th Cir.2005); *David v. Hall*, 318 F.3d 343, 347 (1st Cir.2003); *Cousin v. Lensing*, 310 F.3d 843, 849 (5th Cir.2002); *Flanders v. Graves*, 299 F.3d 974, 976-78 (8th Cir.2002).  *But see Souter v. Jones*, 395 F.3d 577, 585 (6th Cir.2005) (applying actual innocence gateway to limitations period); and *Lee v. Lampert*, 633 F.3d 1176 (9th Cir. 2011) (granting rehearing *en banc* of panel decision concluding no actual innocence exception).

**2.  Commencement of Limitations Period**

The one-year statute of limitations on habeas petitions generally begins to run on "the date on which the judgment became final by conclusion of direct review or the expiration of the time for seeking such review." 28 U.S.C. § 2244(d)(1)(A).[1]  Petitioner did not file a direct appeal.

However, "Arizona's Rule 32 of-right proceeding for plea-convicted defendants is a form of direct review within the meaning of 28 U.S.C. § 2244(d)(1)(A)."  *Summers v. Schriro,* 481 F.3d 710, 717 (9th Cir. 2007).  "To bring an of-right proceeding under Rule 32, a plea-convicted defendant must provide to the Arizona Superior Court, within 90 days of conviction and sentencing in that court, notice of his or her intent to file a Petition for Post-Conviction Review."  *Id.* at 715 (citing Ariz. R.Crim. P. 32.4(a)).

Petitioner was a pleading defendant, and thus entitled to file a PCR proceeding of-right.  Because he was sentenced on May 23, 2000, he had until August 21, 2000 to file his notice of PCR of-right.  Petitioner did file such PCR notice (Exhibit TT) on August 10, 2000.  That proceeding remained pending until March 14, 2003 when the time to file his petition for review expired.  (Exhibit CCC, Order 1/23/03.)

Thus, barring any tolling, Petitioner's one year began to run after March 14, 2003 and would have expired on March 14, 2004.

**3.  Gap Tolling**

Respondents go to some lengths to argue that "gap-tolling"[2] should not apply to the

---

[1] While the finality of the conviction is the normal commencement date for the habeas limitations period, the statute does provide various exceptions, including newly recognized claims made retroactively applicable, and newly discovered factual predicates, *see* 28 U.S.C. § 2244(d)(1), Petitioner does not assert any of these apply.  It does not appear to the undersigned that these have any application.  *See Cook v. U.S.,* 386 F.3d 949, 950 (9th Cir. 2004) (*Blakely* not retroactively applicable).

[2] The term "gap tolling" seems to be a bit of a misnomer in situations such as the instant one where the question is not whether statutory tolling applies in between post-direct review and collateral attacks, but whether Petitioner's direct review ended (and his

interim between Petitioner's first and second PCR proceedings, citing *King v. Roe*, 340 F.3d 821, 823 (9th Cir. 2003). (Answer, Doc, 15 at 15-18.) *King* and its progeny dealt with California's indeterminate, "reasonable" time for appeals. Arizona's deadlines for review in PCR proceedings are not indeterminate, but specifically limited. Further, here Petitioner was given an explicit, extended deadline to file his petition for review.

It is true the decision in *Hemmerle v. Schriro*, 495 F.3d 1069 (2007) extended *King* to an Arizona defendant, to determine whether the gap between a dismissed petition and a subsequent petition should be counted as expired time from the limitations period if the second petition was simply an attempt to cure deficiencies in the prior filing. However, the *Hemmerle* decision noted that a prerequisite was that the second filing be limited to curing deficiencies in the same claims asserted in the first proceeding. The court explained:

> In this circuit, we apply a two-part test to determine whether the "gap" should be tolled. "First, we ask whether the petitioner's subsequent petitions are limited to an elaboration of the facts relating to the claims in the first petition. If not, these petitions constitute a 'new round' and the gap between the rounds is not tolled." But, if the subsequent petition "simply attempted to correct the deficiencies" in the prior petition, we will construe the new petitions as part of the first "full round" of collateral review. In such circumstance, we then proceed to ask whether the petition was denied on the merits or deemed untimely. If the petition was denied on the merits, we will toll the time period between the two properly-filed petitions; if it was deemed untimely, we will not.

*Hemmerle*, 495 F.3d at 1075 (citations omitted, quoting *King*).

Here, Petitioner's second PCR proceeding was not related to the first, but based upon a new argument under *Blakely*.

**4. Statutory Tolling**

The AEDPA provides for tolling of the limitations period when a "properly filed application for State post-conviction or other collateral relief with respect to the pertinent

---

conviction became final, and the limitations period commenced) upon conclusion of the first PCR or continued through the second PCR. In such situations, there would simply be no limitations period running which would need to be tolled.

1  judgment or claim is pending." 28 U.S.C. § 2244(d)(2).

2      Petitioner commenced his second PCR proceeding by filing his PCR Notice on or about November 23, 2004 (Petitioner's Exhibit D).  Petitioner's one year had expired eight months before commencement of that PCR proceeding.  Once the habeas statute has run, a subsequent post-conviction or collateral relief filing does not reset the running of the one year statute. *Jiminez v. Rice*, 276 F.3d 478, 482 (9th Cir. 2001).  Accordingly, Petitioner is not entitled to any statutory tolling as a result of his second PCR proceeding.

### **5.  Timeliness of Federal Habeas Petition**

    Petitioner's Petition (Doc. 1) was filed January 4, 2010, well over five years after the expiration of the limitations period on March 14, 2004.  Accordingly, barring any equitable tolling the Petition was untimely and must be dismissed.

### **6.  Equitable Tolling**

"Equitable tolling of the one-year limitations period in 28 U.S.C. § 2244 is available in our circuit, but only when 'extraordinary circumstances beyond a prisoner's control make it impossible to file a petition on time' and 'the extraordinary circumstances were the cause of his untimeliness.'" *Laws v. Lamarque*, 351 F.3d 919, 922 (9th Cir. 2003).

> To receive equitable tolling, [t]he petitioner must establish two elements: (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstances stood in his way. The petitioner must additionally show that the extraordinary circumstances were the cause of his untimeliness, and that the extraordinary circumstances ma[de] it impossible to file a petition on time.

*Ramirez v. Yates,* 571 F.3d 993, 997 (9th Cir. 2009) (internal citations and quotations omitted). "Indeed, 'the threshold necessary to trigger equitable tolling [under AEDPA] is very high, lest the exceptions swallow the rule.' " *Miranda v. Castro,* 292 F.3d 1063, 1066 (9th Cir. 2002) (quoting *United States v. Marcello*, 212 F.3d 1005, 1010 (7th Cir.2000)).

    Petitioner asserts no circumstances that would establish equitable tolling. Petitioner does complain that he was proceeding as a *pro se* prisoner without access to a law library.

- 7 -

1   A prisoner's *pro se* status is not an extraordinary circumstance. *Felder v. Johnson*, 204 F.3d 168 (5th Cir. 2000).  Moreover, "it is well established that ignorance of the law, even for an incarcerated *pro se* petitioner, generally does not excuse prompt filing." *Marsh v. Soares*, 223 F.3d 1217, 1220 (10th Cir.2000) (quotation marks and citation omitted) (as cited in *Raspberry v. Garcia*, 448 F.3d 1150, 1154 (9th Cir. 2006)).  In *Whalem/Hunt v. Early,* 233 F.3d 1146, 1148 (9th Cir.2000) (*en banc*) (*per curiam*), the Ninth Circuit observed that lack of access to the federal habeas statute of limitations, as opposed to knowledge of it, might be cause for equitable tolling, *e.g.* where the statute of limitations was not available in the prison's library.  However, Petitioner does not suggest that the statute of limitations was not available to him in the prison's library, just that he did not have access to a full fledged law library.  That is not sufficient to justify equitable tolling.

### 7. Summary

Petitioner's conviction became final on March 14, 2003, upon expiration of his time to file a petition for review with the Arizona Supreme Court.  The one year expired on March 14, 2004, and Petitioner's untimely PCR proceedings were not "properly filed" so as to toll the running of the statute.  Petitioner's Petition, filed in January, 2010 was over five years delinquent. Petitioner has not shown extraordinary circumstances which precluded him from timely filing, and thus is not entitled to any equitable tolling.  Accordingly, the Petition must be dismissed with prejudice as untimely.

## IV. CERTIFICATE OF APPEALABILITY

**Ruling Required** - Rule 11(a), Rules Governing Section 2254 Cases, requires that in habeas cases the "district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant."  Such certificates are required in cases concerning detention arising "out of process issued by a State court", or in a proceeding under 28 U.S.C. § 2255 attacking a federal criminal judgment or sentence. 28 U.S.C. § 2253(c)(1).

Here, the Petition is brought pursuant to 28 U.S.C. § 2254, and challenges detention

pursuant to a State court judgment. The recommendations if accepted will result in Petitioner's Petition being resolved adversely to Petitioner. Accordingly, a decision on a certificate of appealability is required.

**Applicable Standards** - The standard for issuing a certificate of appealability ("COA") is whether the applicant has "made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). "Where a district court has rejected the constitutional claims on the merits, the showing required to satisfy § 2253(c) is straightforward: The petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). "When the district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claim, a COA should issue when the prisoner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Id.*

**Standard Not Met** - Assuming the recommendations herein are followed in the district court's judgment, that decision will be on procedural grounds. To the extent that Petitioner's claims are rejected on procedural grounds, under the reasoning set forth herein, the undersigned finds that "jurists of reason" would not "find it debatable whether the district court was correct in its procedural ruling." Accordingly, to the extent that the Court adopts this Report & Recommendation as to the Petition, a certificate of appealability should be denied.

## V. RECOMMENDATION

**IT IS THEREFORE RECOMMENDED** that the Petitioner's Petition for Writ of Habeas Corpus, filed January 4, 2010 (Doc. 1) be **DISMISSED WITH PREJUDICE**.

**IT IS FURTHER RECOMMENDED** that to the extent the reasoning of this Report & Recommendation is adopted, that a certificate of appealability **BE DENIED**.

**VI. EFFECT OF RECOMMENDATION**

This recommendation is not an order that is immediately appealable to the Ninth Circuit Court of Appeals. Any notice of appeal pursuant to *Rule 4(a)(1), Federal Rules of Appellate Procedure*, should not be filed until entry of the district court's judgment.

However, pursuant to *Rule 72(b), Federal Rules of Civil Procedure,* the parties shall have fourteen (14) days from the date of service of a copy of this recommendation within which to file specific written objections with the Court. *See also* Rule 8(b), Rules Governing Section 2254 Proceedings. Thereafter, the parties have fourteen (14) days within which to file a response to the objections. Pursuant to *Local Civil Rule 7.2(e)(3)*, unless otherwise permitted by the Court, an objection to a Report and Recommendation shall not exceed ten (10) pages. Failure to timely file objections to any findings or recommendations of the Magistrate Judge will be considered a waiver of a party's right to *de novo* consideration of the issues, *see United States v. Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003)(*en banc*), and will constitute a waiver of a party's right to appellate review of the findings of fact in an order or judgment entered pursuant to the recommendation of the Magistrate Judge, *Robbins v. Carey*, 481 F.3d 1143, 1146-47 (9th Cir. 2007).

DATED: June 8, 2011

_____
JAY R. IRWIN
United States Magistrate Judge

S:\Drafts\OutBox\10-0006-001r RR 11 05 25 re HC.wpd